IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MUTUAL OF WAUSAU INSURANCE
COMPANY, as subrogee of DAVID
REPINSKI,

                Plaintiff,                OPINION AND ORDER

    v.                                              19-cv-078-wmc

MVP GROUP INTERNATIONAL, INC.,
PARTYLITE WORLDWIDE, LLC, and
MIDWEST-CBK, LLC,

                Defendants.

---

In this civil action, plaintiff Mutual of Wausau Insurance Company, as subrogee of David Repinski, asserts negligence and strict liability claims against defendants MVP Group International Inc., Partylite Worldwide, LLC, and Midwest-CBK, LLC, based on a fire caused by a nightlight designed, manufactured and distributed by defendants. (2d Am. Compl. (dkt. #3).) Plaintiff alleges that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 1.) Because the allegations in the complaint are insufficient to determine if this is so, plaintiff will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a

1

complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (2d Compl. (dkt. #3) ¶ 3.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations as to the two LLC defendants prevent this court from determining its citizenship.

"The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of the members of defendants PartyLite Worldwide, LLC, and defendant Midwest-CBK, LLC, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, plaintiff alleges that these two defendants are "corporations" and provides their respective states of incorporation and principal places of business. (2d Am. Compl. (dkt. #3) ¶¶ 7-8.) As the Seventh Circuit has instructed, however, this information is

wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the LLC defendants. In alleging an LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) plaintiff shall have until March 19, 2019, to file and serve a third amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 5th day of March, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge